IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| HALE COUNTY A&M TRANSPORT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-00265-DGK |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS IN LIMINE

This negligence action arises from a plane accident at the Charles B. Wheeler Downtown Airport (the "Airport") in Kansas City on February 24, 2011. Plaintiff Hale County A&M Transport, LLC alleges that the owner and operator of the airport, Defendant City of Kansas City, Missouri, negligently failed to remove a snow berm from the runway. This berm allegedly damaged the propeller of its airplane during landing, causing approximately $143,000 in damages.

Now before the Court is Defendant's seven-part Motion in Limine (Doc. 81) and Plaintiff's response (Doc. 84), and Plaintiff's twenty-five-part Motion in Limine (Doc. 82) and Defendant's response (Doc. 86).

After carefully reviewing the motions and responses, the Court rules as follows. The Court's ruling is highlighted in bold typeface followed by a brief explanation.

I. **Defendant's Motion in Limine (Doc. 81)**

1. **Any reference to the Airport's liability insurance is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**2. Rule 901 does not bar the GPS tracking data from Plaintiff's airplane.**

Defendant argues that no clear chain of custody exists for the data from the airplane's GPS device, so Plaintiff is unable to authenticate the data or lay a foundation for its use at trial. Defendant also contends it is not relevant or admissible.

Federal Rule of Evidence 901(b)(1) permits authentication by the testimony of a witness with personal knowledge that an item is what it is claimed to be. Plaintiff proffers that the plane's pilot, Tim Hardage, will testify at trial that he has been in possession of the GPS data file continuously since it was created. This is sufficient to satisfy Rule 901.

With respect to the relevancy objection, evidence is inadmissible if it does not tend to make a material fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a), 402. Defendant may argue at trial that Plaintiff's aircraft veered off the runway during landing and struck something that was not under Defendant's control. The GPS tracking data is probative of whether the aircraft veered off the runway, thus it is relevant and admissible. This portion of the motion is DENIED.

**3. Evidence of aircraft accidents or incidents after February 24, 2011 is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**4. Testimony by Plaintiff's experts on matters beyond the disclosures in their expert reports is prohibited by Fed. R. Civ. P. 37(c)(1).**

Defendant makes a generic motion to prohibit Plaintiff's experts "from testifying beyond what they have disclosed in their expert reports." Defendant has not, however, identified any particular information it seeks to have excluded. Because Defendant has not identified any particular testimony it seeks to exclude, the Court cannot rule on this portion of the motion. That said, the Court notes it will enforce Federal Rule of Civil Procedure 37(c)(1) which precludes a

party's expert from offering information not contained in their report only if the failure to include that information is either harmless or substantially justified.

5. **Evidence of weather or runway conditions at airports other than KCI is excluded.**

Defendant moves to exclude Plaintiff from offering evidence of weather or runway conditions on the day of the accident at any other airport. Plaintiff opposes Defendant's motion with respect to weather and runway conditions at Kansas City International Airport ("KCI").

Defendant suggests evidence about conditions at KCI is irrelevant and prejudicial, arguing KCI and the Airport are not "similarly situated" because they are approximately eighteen miles apart. The Court holds that the conditions at KCI are relevant because they help establish the applicable standard of care. Defendant's objection concerning KCI's distance from the Airport goes to the weight of the evidence, not its admissibility. The Court DENIES this portion of the motion.

6. **Plaintiff may not refer to the Airport as a "commercial airport," but may present evidence that it was flying for "commercial purposes."**

Plaintiff does not oppose Defendant's request that it refrain from referring to the Airport as a "commercial airport," but argues it should be allowed to present evidence that it was flying for "commercial purposes." Because this might be relevant to damages, Plaintiff will be permitted to introduce evidence it was flying for commercial purposes. Accordingly, this portion of the motion is GRANTED in part.

7. **All evidence of settlement negotiations is excluded.**

Because Plaintiff does not oppose this request, this portion of the motion is GRANTED.

## II. Plaintiff's Motion in Limine (Doc. 82)

### 1. Portions of the FAA incident/investigation report are not admissible to prove the truth of the matter asserted.

Plaintiff objects to admitting portions of a Federal Aviation Administration ("FAA") investigation report because they are inadmissible hearsay. Specifically, Plaintiff's object to (1) the section titled "Narrative and Brief Explanation of the Issues Involved," (2) notes from Melissa Cooper, (3) Tim Hardage's report to the FAA, (4) the Program Tracking and Reporting Subsystem Data Sheet attached to the report, and (5) testimony about the investigation because they are hearsay, unduly prejudicial, and would confuse and mislead the jury. Defendant agrees that "most if not all of the documents in the report should be excluded" on hearsay grounds, but contends select portions of the report may be admissible depending on how the evidence develops at trial. For example, if Tim Hardage testifies, his report to the FAA may be used for impeachment purposes or to refresh his recollection.

The Court GRANTS this portion of the motion, with the reservation that portions of the report may be used for purposes other than to prove the truth of the matter asserted.

### 2. The admissibility of a letter from the FAA regarding a separate 2007 incident is taken under advisement.

Plaintiff moves to exclude a letter from the FAA to the Airport's manager on May 11, 2011, stating that the Airport did not violate any regulations in an incident that occurred on February 24, 2007. Plaintiff contends that this letter is inadmissible because it is hearsay, irrelevant, unduly prejudicial, and likely to mislead the jury.

In response, Defendant states it has no intention of offering or eliciting this evidence, and if it does, it will advise the Court and request a ruling before doing so. Accordingly, this portion of the motion is taken under advisement.

**3. The Court takes Plaintiff's request with respect to unspecified "legal conclusions" under advisement.**

Plaintiff argues that unspecified "legal conclusions from Defendant" are irrelevant hearsay, misleading, and unduly prejudicial. Defendant states it has no intention of offering or eliciting this evidence, and if it does, it will advise the Court and request a ruling before doing so. Accordingly, this portion of the motion is taken under advisement.

**4. Defendant may introduce evidence concerning other potential causes of the aircraft damage.**

Plaintiff moves to exclude evidence concerning other potential causes of the damaged rotor, including that the aircraft could have veered off the runway, that the aircraft could have hit an object other than a berm, or that the aircraft could have hit something on the side of the runway.

Rule 703 allows experts to testify as to their opinions, so long as the opinions are based on facts the expert has been made aware of. Although Plaintiff offers its own theory of what happened, Defendant may introduce direct evidence or circumstantial evidence of other causes. For example, Defendant may introduce data from the GPS unit and William Turner's expert testimony that the aircraft may have veered off the runway. Defendant may not, of course, engage in mere speculation. Some evidence must support whatever theory it seeks to introduce.

This portion of the motion is DENIED.

**5. William Turner will be allowed to testify consistent with the Court's *Daubert* ruling.**

Reiterating the arguments advanced in its *Daubert* motion, Plaintiff seeks to limit the testimony of Defense expert's witness, William Turner. The Court has addressed Plaintiff's concerns and limited Mr. Turner's testimony in a separate order (Doc. 99). The Court will not re-hash these rulings here.

### 6. Turner's explanations in the maps of Plaintiff's GPS data are admissible.

Plaintiff moves to exclude a set of maps Mr. Turner created using the plane's GPS data containing explanations of what the maps purportedly show, arguing Mr. Turner's testimony will not assist the trier of fact and so is inadmissible under Rule 702.

The Court has briefly reviewed the maps which contain lines of varying lengths and colors, and a scale that is not obvious. The Court finds Mr. Turner's annotations will arguably assist the jury in understanding this evidence, and his explanations are not unfairly prejudicial. Accordingly, they are admissible. The Court DENIES this part of Plaintiff's motion.

### 7. Defendant may not discuss the air traffic controller's role in the incident.

Plaintiff moves to preclude Defendant from apportioning any fault to the air traffic controller because the air traffic controller is not a party. Plaintiff also argues Defendant has a non-delegable duty to protect Plaintiff, an invitee, from defective conditions on the property, or to warn it of conditions. *See* Fed. R. Evid. 403; *Hunt v. Jefferson Arms Apartment Co.*, 679 S.W.2d 875, 882 (Mo. Ct. App. 1984) (providing that a landowner's duty to his invitees is nondelegable). Defendant states it has no intention of comparing the fault of the air traffic controller or arguing it was the cause of the accident

The Court GRANTS this part of Plaintiff's motion.

### 8. Defendant may not argue the pilot contributed to the incident by making two separate approaches to the runway.

Defendant does not oppose this part of Plaintiff's motion. Accordingly, the Court GRANTS this part of Plaintiff's motion.

### 9. Defendant may discuss the timing of Tim Hardage's report of the incident.

Plaintiff moves to preclude Defendant from discussing the timing of the pilot's report of the incident, arguing that whether the pilot reported the incident before or after he parked the airplane is irrelevant and would only confuse the jury. Defendant argues the timing of the pilot's report bolsters its theory that the plane did not hit a berm. Defendant reasons that if the pilot had hit a berm, he would have reported it immediately instead of waiting until after he parked the aircraft.

The Court holds Defendant may make this argument. Plaintiff's concerns go to the weight of the evidence, not its admissibility. Accordingly, the Court DENIES this part of Plaintiff's motion.

### 10. Defense photos of the runways taken years after the incident are not admissible to show evidence of runway conditions as they existed on February 24, 2011.

Plaintiff moves to exclude photographs taken years after the incident, arguing they depict runway conditions under very different circumstances from the night of the incident and so are misleading and unfairly prejudicial. Defendant responds that if offered, they will be offered to demonstrate how the Defendant measures and reports snow conditions or runway conditions, not as depicting the conditions as they existed on February 24, 2011.

The Court rules that Defendant may not offer the pictures to show, or even hint, that they depict the conditions as they existed on February 24, 2011. They may be admissible for some other purpose, however, and the Court reserves its ruling on this issue. The Court GRANTS IN PART this part of Plaintiff's motion.

**11. The Court withholds ruling on the admissibility of Defendant's post-accident incident reports.**

Plaintiff moves to exclude all of the post-incident reports and emails generated by the Defendant on the basis of hearsay and relevance. Defendant responds that it has no intention of offering or eliciting such testimony or evidence.

Although it is unlikely that this evidence would be admissible, the Court withholds ruling on this part until a party attempts to offer this evidence at trial when the factual and legal context for this evidence will be better developed.

**12. Defendant is precluded from mentioning Plaintiff's insurance company, that this case involves a subrogation claim, any payments made by Plaintiff's insurer, or other collateral source payments.**

Plaintiff moves to exclude any mention of collateral source payments. The Court GRANTS this part of Plaintiff's motion.

**13. Evidence and testimony from Herbert Lagoski and Larry Miller is, with one exception, admissible.**

Plaintiff moves to exclude evidence and testimony from two pilots, Herbert Lagoski and Larry Miller, who flew into the airport at approximately the same time the incident occurred. Defendant seeks to offer their testimony as to the condition of the airport and runways. Plaintiff contends this evidence is hearsay, irrelevant, unduly prejudicial, and inadmissible opinion evidence.

Herbert Lagoski's letter is inadmissible hearsay as an out-of-court statement being offered for its truth. Defendant admits it has no evidence that the letter was written "while or immediately after" Lagoski perceived the runway conditions, so the letter does not satisfy the "present sense impression" hearsay exception. Fed. R. Evid. 803(1).

Lagoski and Larry Miller are expected to testify about runway conditions on the night of the incident, which is relevant and not unfairly prejudicial. Defendant does not dispute Plaintiff's objection to Lagoski opining on how well the Airport conducted snow-removal operations.

Accordingly, the Court GRANTS Plaintiff's motion as it relates to the Lagoski letter, with the reservation that the Lagoski letter may be admitted for purposes other than to prove the truth of its contents. The Court DENIES this part of Plaintiff's motion as it relates to the testimony of Lagoski and Miller, though Lagoski may not testify as to his opinions of the Airport's snow-removal operations.

**14. Evidence that Plaintiff's aircraft was struck by lightning in 2006 is excluded.**

Plaintiff moves to exclude as irrelevant evidence that the airplane was struck by lightning in 2006. Defendant does not deny that this information is irrelevant. Accordingly, this portion of the motion is GRANTED.

**15. Evidence that the pilot hit a telephone pole in 1997 while crop dusting is excluded.**

Plaintiff also moves to exclude as irrelevant the fact that pilot Tim Hardage hit a telephone pole in 1997 while crop dusting, an incident in which the weather played no factor. Defendant does not contest that this information is irrelevant. Accordingly, this portion of the motion is GRANTED.

**16. Evidence concerning the size of law firms representing Plaintiff and Defendant is excluded.**

The Court GRANTS this part of Plaintiff's motion.

**17. Statements referring to the comparative net worth, wealth, or power of Plaintiff and Defendant are prohibited.**

The Court GRANTS this part of Plaintiff's motion.

## 18. Derogatory references to Plaintiff because of its corporate or out-of-state status are prohibited.

The Court GRANTS this part of Plaintiff's motion.

## 19. Reference to documents not admitted is prohibited.

Plaintiff moves to prohibit any reference to any documents not admitted into evidence. Defendant does not oppose the request. The Court GRANTS this part of Plaintiff's motion.

## 20. Expert opinion from lay witnesses is prohibited.

The Court GRANTS this part of Plaintiff's motion.

## 21. No witness shall comment on the credibility of another witness.

The Court GRANTS this part of Plaintiff's motion.

## 22. Counsel shall refrain from making remarks about their personal beliefs or opinions.

The Court GRANTS this part of Plaintiff's motion.

## 23. Defense counsel shall not make any "missing witness" arguments.

The "missing witness" rule in civil cases permits a party to make adverse inferences from an opposing party's failure to produce an important witness. *United States v. Motor Vessel Gopher State*, 614 F.2d 1186, 1189 (8th Cir. 1980). A party may make such arguments if (1) the missing witness is available, and (2) that witness would have testified on a material issue in the case. *Kostelec v. State Farm Fire & Cas. Co.*, 64 F.3d 1220, 1229 (8th Cir. 1995). Here, Defendant suggests that Plaintiff is the only party that can produce "certain witnesses, including but not limited to certain passengers of the aircraft." Defendant, however, fails to show that these witnesses are actually available or would have testified on a material issue. It appears the witnesses Defendant is referring to are residents of Texas and thus beyond the Court's subpoena power. *Cf.* Fed. R. Evid. 804(a)(5) (being unprocurable by process renders a hearsay declarant

"unavailable"). Also, Defendant does not indicate how any missing party might have testified on a material issue in the case. Thus, it is not appropriate for Defendant's counsel to comment on Plaintiff's failure to produce the testimony of any witness.

Accordingly, the Court GRANTS this part of Plaintiff's motion.

**24. Prior "good acts' by Defendant's snow removal team are not admissible.**

Plaintiff moves to exclude on the grounds of relevancy any evidence that Defendant's snow removal team successfully cleared the runway on other occasions. Defendant indicates it has no intention of offering such evidence. The Court GRANTS this part of Plaintiff's motion.

**25. Counsel and witnesses shall not appeal to jurors' self-interest as taxpayers.**

Finally, Plaintiff requests that counsel and witnesses be prohibited from testifying or suggesting that it is in the juror's financial interest to find for Defendant. The Court GRANTS this part of Plaintiff's motion.

**Conclusion**

For the foregoing reasons, Defendant's motion (Doc. 81) and Plaintiff's motion (Doc. 82) are each GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Date: February 11, 2014          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT